### OHIO TELEPHONE SERVICE COMPANY, In re.

Public Utilities Commission.

No. 27401. Decided June 12, 1958.

502

Sidney D. Griffith, of Power, Griffith & Jones, Columbus, for Ohio Telephone Service Company, Applicant.

Gwynne B. Myers, Columbus, for the Village of Eaton, Preble County, Ohio, and Eaton Chamber of Commerce, Protestants.

Roger C. O'Donnell, Covington, Solicitor of the Village of Bradford, for the Village of Bradford.

William Saxbe, *Atty. Genl.*, By James F. DeLeone, *Asst. Atty. Genl.*, for The Public Utilities Commission of Ohio.

## OPINION

Subsequent to the filing of the Motion herein, a notice of hearing on said Motion was forwarded to the Mayors of all incorporated municipalities and to the Prosecuting Attorneys in the unincorporated areas within the service area of the Applicant. At the time of the hearing, representatives of certain villages entered their appearances, as listed above, and protested specifically that branch of the Motion pertaining to the filing of a trended inventory by plant accounts as requested by the Applicant.

Sec. 4909.18 R. C., is the statute under which the Motion in question was filed. This Section reads in part as follows:

"* * * If said Application is for an increase in any rate, joint rate, toll, classification, charge, or rental there shall also, **unless otherwise ordered by the Commission,** be filed with the Application in duplicate the following exhibits:

"(A) A detailed inventory and appraisal of its property used and useful in rendering the service referred to in such Application; * * *"

An examination of this statute and a search of other applicable and related sections of the Revised Code evince no provision of law providing for a hearing by this Commission with respect to the "unless otherwise ordered" language of the above-cited statute. Although there is no express statutory authorization or requirement for such a hearing, the Commission has assigned and held such hearings heretofore, for its own edification, on many comparable Motions requesting the Commission's authorization to substitute certain exhibits in lieu of those prescribed by said §4909.18 R. C., or to waive in part such specified exhibits.

For several years the Commission has caused notice to be given of the hearings on such motions to appropriate representatives of the municipalities and counties within the service area of the applicant utility. This was done, not because such municipalities and counties were necessarily considered to be formal litigants of record at this preliminary stage of the rate proceedings, but, by reason of the possibility that they well might become litiguous parties at a later stage. In the interest of time, and in order to convenience those who might later become public witnesses, the Commission considered it appropriate to issue such notice as aforesaid.

A review of the applicable statutes indicates, however, that the first service to municipalities contemplated by law in this type of rate proceedings is that prescribed by §4909.19 R. C., which reads in pertinent part as follows:

"* * * Within fifteen days after the filing of such application or within such additional time as the Commission orders, a written report shall be made and filed with the Commission, **a copy of which shall be sent by registered mail to the Applicants, the mayor of any municipal corporation affected by the application, and to such other persons as the Commission deems interested.**

"* * *

"If objections are filed with the Commission within 30 days after the filing of such report, the Application shall be promptly set down for hearing of testimony before the Commission or be forthwith referred to an Attorney Examiner designated by the Commission to take all the

testimony with respect to the application and objections which may be offered by any interested party. * * *" (Emphasis added.)

It appears, accordingly, that after service of the above-designated "written report," commonly known as the Secretary's Report, municipalities and other proper parties in interest may then become formal litigants in a rate proceeding by filing objections to said Report.

The provisions of said §§4909.18 and 4909.19 R. C., and the "step-by-step" procedure therein prescribed for the administrative processing by the Commission and its staff of utility rate applications manifests clearly that the exhibits specified for attachment to a rate application are submitted for the information of the Commission and its staff. Such exhibitive data forms the basis for the staff's independent investigation of the valuation of the utility's plant and property, and its revenues and expenses. The investigation of the Commission's staff is necessarily administrative in character and its recommended findings are required to be made available for the guidance and information of the municipalities, other proper interested parties, the applicant utility, and the Commission.

It is to be noted, however, that the Secretary's Report is subject to objections by both the representatives of the utility users and the applicant utility. Sec. 4909.19 R. C. The administrative character of the staff investigation and the resulting Report thereof is evidenced by the fact that the date and findings therein contained, as well as the testimony of the Commission's staff, is subject to cross-examination by all parties at the public hearings in the same manner as any other evidence or testimony. Further, the findings of the Commission's staff, as set forth in said Report, are not binding upon the Commission in its final determinations. Lindsey v. P. U. C. O., 111 Oh St 6 and Mt. Vernon Telephone Corp. v. P. U. C. O., 163 Oh St 381.

The Commission is of the opinion that the Exhibit "A" tendered by said Applicant is sufficient to enable the staff of the Commission to perform the investigations required by the statute and therefore in view of the foregoing finds that the Motion of the Applicant is well made and should be granted.

It should be reiterated, however, that the burden of proof for all matters in support of its rate application is upon the applicant utility and, irrespective of the ruling herein, that burden must be met fully by this applicant upon the record of the public hearings to be held in this proceeding. It is, therefore,

ORDERED, That the Applicant is hereby authorized to file Exhibit "A" as tendered with its Application as its inventory and appraisal. It is further

ORDERED, That nothing herein should be construed to imply that the Commission is prohibited from requesting any additional data as it may deem necessary in the premises.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Entered in the Journal:
June 12, 1958
A true copy:
W. E. Herron, Secretary

Everett H. Krueger, Jr., Chairman
Ralph A. Winter
Edward J. Kenealy
Commissioners